IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRANSAMERICA LIFE INSURANCE
COMPANY, an Iowa corporation,

           Plaintiff,

    v.

ESTATE OF ARIE RANDLE, PAMELA
EDWARDS, and WILBUR H. RANDLE, JR.,

           Defendants.

No. 3:13-cv-01163-HZ

OPINION & ORDER

Claude F. Bosworth
Rizzo Mattingly Bosworth PC
1300 SW Sixth Ave., Suite 330
Portland, OR 97201

    Attorney for Plaintiff

Kevin Charles Brague
Kivel and Howard, LLP
111 SW Fifth Ave., Suite 1775
Portland, OR 97204

    Attorney for Defendant Wilbur
    Randle, Jr.

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Transamerica Life Insurance Company filed this interpleader action to request a determination of the proper beneficiary of an annuity policy.  Only Defendant Wilbert Randle, Jr.[1] has made an appearance.  Defendant Randle moves for summary judgment [11] and requests an order of payment and distribution of the policy proceeds to the contingent beneficiaries—him and Defendant Pamela Edwards.  I find that the statutory 120-hour survival requirement under ORS § 112.572 applies, and that the primary beneficiary Arie Randle did not meet this requirement.  Therefore, I grant the motion because Defendants Randle and Edwards are the proper beneficiaries of the policy proceeds.

BACKGROUND

Gloria Jones bought an annuity policy, No. 0200US54584, for $50,000 on August 23, 1999.  Brague Decl. Ex. 1 at 1.  The annuity commence date was also August 23, 1999.  Id.  Jones named Arie Randle as the primary beneficiary and named Wilbert Randle, Jr., Pamela Edwards, and Zachary Bouey III as equal contingent beneficiaries.  Id. at 3.  Jones died on March 1, 2010.  Id. Ex. 4.  Arie Randle, the primary beneficiary, died two days later on March 3, 2010.  Id. Ex. 5.  Zachary Bouey, a contingent beneficiary, predeceased Jones years earlier on November 3, 2001.  Id. Ex. 6.

Under the annuity policy, if the primary beneficiary is alive at the time of death, but dies before receiving payment, the policy proceeds will be paid to the estate.  Id. Ex. 1 at 9.  Plaintiff Transamerica Life Insurance alleges that Defendant Edwards disputes that Defendant Estate of Arie Randle should receive the policy proceeds because Arie Randle did not survive Jones by at least 120 hours, a requirement of Oregon's Simultaneous Death Act, ORS § 112.572.  Compl. ¶

---

[1] Defendant Randle's first name appears as "Wilbert," not Wilbur, as the contingent beneficiary of the insurance policy.  Compl. Ex. 1 at 3.

11.  Plaintiff filed this interpleader action, seeking guidance from the court as to the applicability of ORS § 112.572 to Jones's annuity policy.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial."  Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted).  The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial.  Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material.  Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009).  The court draws inferences from the facts in the light most favorable to the nonmoving party.  Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support

3 - OPINION & ORDER

his claim than would otherwise be necessary.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

DISCUSSION

Defendant Randle argues that Arie Randle did not survive Jones by at least 120 hours, as required by ORS § 112.572, and thus, the policy proceeds should be distributed to the living contingent beneficiaries, Defendants Randle and Edwards.

Oregon's Simultaneous Death Act specifies that "if the title to property…depends upon whether a specified person survives the death of another person, the specified person shall be deemed to have died before the other person unless it is established by clear and convincing evidence that the specified person survived the other person by at least 120 hours."  ORS § 112.572.  Therefore, a person may be deemed to have died before another if the period between the deaths is less than 120 hours.

As applicable here, this 120-hour requirement of survival does not apply if (1) "a governing instrument expressly provides that a person is not required to survive the death of another person…by any specified period" or (2) "the governing instrument expressly requires the person to survive the death of another person…for a specified period of time other than provided under the survivorship rules established under ORS 112.570 to 112.590."  ORS § 112.586(3)-(4).  In other words, if the governing instrument expressly states that there is no survival requirement for any period of time or expressly specifies a period of a survival, the language in the governing instrument trumps the statutory 120-hour survival requirement in ORS § 112.572.  Jones's annuity policy qualifies as a "governing instrument" by definition.  ORS § 112.570(2)(e) ("Governing instrument means…[a]n insurance or annuity policy account with a payable-on-

death designation"). Thus, the 120-hour survival requirement applies to the policy, unless one of the two stated exceptions applies.

The most relevant policy term describes the order of distribution of the policy proceeds to the beneficiaries.

> Only those beneficiaries living at the time of the annuitant's death will be eligible to receive their share of the death proceeds.[]
>
> If both primary and contingent beneficiaries have been named, payment will be made to the named primary beneficiaries living at the time the death proceeds become payable.[]
>
> Payment will be made to the named contingent beneficiary(ies) only if all primary beneficiaries have died before the death proceeds become payable. If any primary beneficiary is alive at the time the death proceeds become payable, but dies before receiving their payment, their share will be paid to their estate.

Brague Decl. Ex. 1 at 9 (subsection M). This policy language is silent as to whether the beneficiary is required, or not required, to survive the death of another by a specified period. The exceptions require an express statement as to the absence of a survival requirement or survival by a specified period of time. Because the policy is silent as to the matter, neither of the stated exceptions to the 120-hour survival requirement applies. Arie Randle did not survive Jones by at least 120 hours; and under ORS § 112.572, Arie Randle is deemed to have died before Jones for the purposes of distributing the policy proceeds. Under the policy terms, the contingent beneficiaries living at the time of Jones's death, Defendants Randle and Edwards, are the proper beneficiaries of the policy proceeds.

/ / /

/ / /

/ / /

/ / /

5 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Defendant Randle's motion for summary judgment [11] is granted. Plaintiff shall distribute the policy proceeds equally to the living contingent beneficiaries, Defendants Wilbert Randle, Jr. and Pamela Edwards.

IT IS SO ORDERED.

Dated this \_\_\_\_ day of June, 2014.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

6 - OPINION & ORDER